UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

——

JOHNNY DAR EAGLE,

                Plaintiff,                      Case No. 2:14-cv-69

v.                                       Honorable R. Allan Edgar

MICHIGAN STATE INDUSTRIES,

                Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* without payment of an initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Johnny Dar Eagle, a state prisoner currently confined at the Chippewa Correctional Facility (URF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Michigan State Industries, Governor Rick Snyder, MDOC Director Daniel Heyns, R. Russell, K.C. Curt, Nanette Akkaken, P. Clymer, and Wendy Skinner. In Plaintiff's complaint, he alleges that on March 7, 2012, he was hired by the Michigan State Industries Garment Factory. Plaintiff states that he was fired 45 minutes later because he was unable to lift a 125 pound skein of cloth. Plaintiff asserts that one time each year a semi truck must be unloaded and all of the employees at the Garment Factory must assist with the unloading. Plaintiff claims that handicapped individuals unable to lift the skeins are denied equal access to employment by Defendant Michigan State Industries. Plaintiff unsuccessfully petitioned the MDOC for relief.

Plaintiff claims that Defendants' conduct violated his rights under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

**Discussion**

I.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants violated his rights under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131, and Section 504 of the Rehabilitation Act of 1973 (RA), 29 U.S.C. 794(a). The purpose of both the ADA and section 504 of the Rehabilitation Act is

to prohibit discrimination against the disabled.  *See* 42 U.S.C. § 12101(b)(ADA); 29 U.S.C. § 701(b)(1)(F).

Title II of the ADA provides, in pertinent part, that no qualified individual with a disability shall, because of that disability, "be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Mingus v. Butler*, 591 F.3d 474, 481-82 (6th Cir. 2010) (citing 42 U.S.C. § 12132).  In order to state a claim under Title II of the ADA, Plaintiff must show:  (1) that he is a qualified individual with a disability; (2) that defendants are subject to the ADA; and (3) that he was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of plaintiff's disability.  *See Tucker v. Tennessee*, 539 F.3d 526, 532-33 (6th Cir. 2008); *see also Jones v. City of Monroe*, 341 F.3d 474, 477 (6th Cir. 2003).  The term "qualified individual with a disability" includes "an individual with a disability who, with or without . . . the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). In the ADA, the term "disability" is defined as follows: "[1] a physical or mental impairment that substantially limits one or more of the major life activities of such individual; [2] a record of such an impairment; or [3] being regarded as having such an impairment." 42 U.S.C. § 12102(2).  Similarly, Section 504 of the Rehabilitation Act protects any "otherwise qualified individual" from "be[ing] excluded from the participation in, be[ing] denied the benefits of, or be[ing] subjected to discrimination" under specified programs "solely by reason of her or his disability." 29 U.S.C. § 794(a).

The Supreme Court has held that Title II of the ADA applies to state prisons and inmates. *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210-12 (1998) (noting that the phrase "services, programs, or activities" in § 12132 includes recreational, medical, educational, and vocational prison programs). The proper defendant under a Title II claim is the public entity or an official acting in his official capacity. *Carten v. Kent State Univ.*, 282 F.3d 391, 396–97 (6th Cir. 2002). In addressing the termination of a prisoner employee, the Sixth Circuit noted:

> The ADA prohibits an employer from discriminating against an otherwise qualified individual on the basis of a disability in regards to employment terms, conditions, and privileges. 42 U.S.C. § 12112(a). The ADA applies to state prisoners. *Pennsylvania Dep't of Corr. v. Yeskey,* 524 U.S. 206, 212, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998). In order to establish a prima facie case of disability discrimination, the employee must prove that he: 1) is disabled; 2) is otherwise qualified for the position despite the disability; and 3) was subjected to an adverse employment decision because of the disability. *Monette v. Elec. Data Sys. Corp.,* 90 F.3d 1173, 1176 (6th Cir.1996). Under the ADA, "disability" means a physical or mental impairment that substantially limits one or more major life activities. *McKay v. Toyota Motor Mfg., U.S.A., Inc.,* 110 F.3d 369, 371 (6th Cir.1997). An impairment that disqualifies a person from only a narrow range of jobs is not considered substantially limiting. *Id.* at 373. Further, an individual is not substantially limited merely because he cannot work the job of his choice. *Id.* at 373–74. The defendants' evidence reflects that McKinley was not substantially limited in one or more major life activities and McKinley has not presented significant probative evidence establishing a genuine issue of material fact.

*McKinley v. Bowlen*, 8 Fed. Appx. 488, 491-492, 2001 WL 493394, 1 (6th Cir., May 1, 2001).

In this case, Plaintiff alleges that he was fired from his job because he is unable to lift 125 pounds and that he is thereby disabled. The court notes that the inability to lift 125 pounds, without more, does not constitute a disability. Moreover, as noted above, an impairment such as the ability to lift 125 pounds which only disqualifies an individual from a narrow class of jobs does not

constitute a disability for purposes of the ADA.  *Id.*  Nor is Plaintiff entitled to work the job of his choice.  Therefore, Plaintiff's ADA claim is properly dismissed.  Moreover, for the reasons stated above, Plaintiff's RA claim is properly dismissed because he cannot show that he was fired from his job "solely by reason of her or his disability."  29 U.S.C. § 794(a).

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   9/8/2014                                             */s/ R. Allan Edgar*
                                                    R. ALLAN EDGAR
                                                    UNITED STATES DISTRICT JUDGE